UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL HAMPTON** | **CIVIL ACTION NO. 3:10-cv-1926** |
| **LA. DOC #334976** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN ANDY BROWN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

*Pro se* plaintiff Michael Hampton, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 30, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections who is incarcerated at the Jackson Parish Correctional Center, Jonesboro, Louisiana. He complains that he is exposed to intolerable levels of environmental (or second hand) tobacco smoke and other deleterious conditions of confinement and that he is denied the opportunity to participate in rehabilitation programs; he also claims that his requests for medical attention have been ignored and that he is the victim of retaliation by prison authorities because of his complaints. He sued Jackson Parish Sheriff Andy Brown, Asst. Warden Ducote, Warden Billy Tigner, and Major John Thomas.[1] He prays for damages and injunctive relief and has requested a transfer to another facility. See Original Complaint, Doc. #1, ¶V; and Doc. #9]

In a separate order, service of process has been approved. However, plaintiff's motion for a transfer must be denied. Broad discretionary authority must be afforded to prison administrators

---

[1] He also named "Medical Department Nurse" as a defendant [Doc. #1, ¶III(B)], however that title is insufficient to identify a party who can be served.

because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

Therefore, Plaintiff's Motions to Transfer to another prison [Doc. #1, ¶V and Doc. #9] are **DENIED.**

In Chambers, Monroe, Louisiana, February 17, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE